986 F.2d 546
 300 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Thomas COBB, Appellant.
 No. 91-3182.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 19, 1993.
 
 Before WALD, RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the defendant from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration, and occasion no need for a published opinion. See D.C.Cir. Rule 14(c).
 
 
 2
 On appeal, Cobb argues that the cocaine found on his body should have been suppressed as the fruit of an unconstitutional seizure. More specifically, Cobb alleges that he was seized at the point the police officers signalled his cab driver not to leave the bus terminal. After reviewing the transcript of the suppression hearing, we are convinced that Cobb did not raise this argument before the District Court; thus, Cobb has waived the right to seek suppression of evidence on this ground. See United States v. Mitchell, 951 F.2d 1291, 1296 (D.C.Cir.1991) (pretrial motions must contain facts and arguments that make clear the basis for a defendant's objections), cert. denied sub nom. Zollicoffer v. United States, 112 S.Ct. 1976 (1992). Moreover, even if Cobb preserved this argument, his claim would fail because there is no evidence in the record of the suppression hearing that Cobb saw the officer make this gesture. Since it is Cobb's perception of whether he was free to leave that is critical to our inquiry, without such evidence he cannot prevail on this theory. See United States v. Lewis, 921 F.2d 1294, 1300 (D.C.Cir.1990) (seizure inquiry focuses on what the citizen has reason to know).
 
 
 3
 Additionally, Cobb argues that the District Court erroneously relied on the police officers' version of events in finding that Cobb consented to the search. After reviewing the evidence before the District Court, we find that its decision to credit the officers' version of events was not clearly erroneous, and therefore reject Cobb's argument on this score as well. It is, therefore,
 
 
 4
 ORDERED AND ADJUDGED that the District Court's judgment in this case be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).